UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CEDRIC TYRONE WALKER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | No. 1:16-CV-02387 |
| vs. | : | |
| | : | (Judge Rambo) |
| **WARDEN DAVID J. EBBERT,** | : | |
| et al., | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the Court for disposition is Defendants' motion to dismiss Plaintiff's amended complaint. (Doc. No. 20.) For the reasons set forth below, Defendants' motion will be granted.

**I.   Background**

On December 1, 2017, pro se Plaintiff Cedric Tyrone Walker, an inmate formerly housed in the Special Management Unit at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this civil rights action pursuant to 28 U.S.C. § 1331. (Doc. No. 1.) Named as Defendants were eight Federal Bureau of Prisons' employees: Warden David J. Ebbert, Lieutenant Jason Seeba, and Correctional Officers C. Hughs, M. Hess, J. Klose, B Melek, B. Mottern, and A. Simmons. (Id.) Plaintiff alleged that his Eighth Amendment rights were violated when he was placed in restraints on May 1, 2015 through May 10, 2015. (Id.) He alleged that the restraints were so tight that they cut off his

1

circulation and caused wounds on his wrists, for which he was denied medical care.  (Id.)  He also claimed that he was denied food, water, and use of the bathroom.  (Id.)

On January 30, 2017, Plaintiff filed an amended Complaint.  (Doc. No. 10).  In the amended complaint, Plaintiff identifies only four Federal Bureau of Prisons' employees: Warden David J. Ebbert, retired BOP Director Charles E. Samuels, Regional Physician Dr. Kevin Pigos, and Senior Officer Adam Simmonds.  (Id.)  Plaintiff's amended complaint re-alleges the Eighth Amendment claim but adds claims that staff falsified incident reports against him while he was in restraints and that he was denied due process during his disciplinary proceedings.  (Id.)

On May 2, 2017, Defendants filed a motion to dismiss (Doc. No. 20) and a brief in support.  (Doc. No. 21.)  On June 6, 2017, Plaintiff filed a brief in opposition (Doc. No. 25), arguing that the Court should grant a default judgment in his favor for Defendants' failure to answer his amended complaint.  On July 5, 2017, Plaintiff filed a document that was docketed as a memorandum of law (Doc. No. 34), in which he argues that his complaint states a claim under the Eighth Amendment because he suffers significant and recurrent pain from headaches.  (Id.)[1]

---

[1] Although Plaintiff provides the instant civil docket number for this case on this memorandum of law, the Court can discern no relevancy of this document to the instant case.

## II. Legal Standard

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to

state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### III. Discussion

Defendants argue that Plaintiff's amended complaint should be dismissed for failure to allege sufficient personal involvement on the part of any of the Defendants and that Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's due process claims.

**A. Personal Involvement of Defendants**

Defendants argue that Plaintiff failed to allege any personal involvement with respect to any of the four Defendants named in the amended complaint, and as such, the amended complaint should be dismissed. Defendants also point out that the only Defendant named in the body of the amended complaint is Warden Ebbert.[2] However, Defendants argue that to the extent the amended complaint alleges liability against Warden Ebbert, former Director Samules, or Dr. Pigos by virtue of their supervisory positions, these claims are barred by the doctrine of respondeat superior.

---

[2] The Court's review of the amended complaint reveals that one paragraph also mentions M. Hess. (Doc. No. 10 at 7, ¶ 12(1)). However, M. Hess is neither named in the caption of the amended complaint nor in the subsection of the amended complaint labeled "Defendants." (Id. at 2, 3.)

5

A review of the amended complaint confirms that other than being named in the caption, there exist no factual averments relating to the Defendants in the body of the amended complaint.  Indeed, other than one conclusory averment made against Defendant Ebbert that he was deliberately indifferent to Plaintiff's serious medical needs, and one conclusory averment made against M. Hess that his use of excessive force violated Plaintiff's rights, the body of the complaint does not mention any other Defendant.  Moreover, Plaintiff fails to identify the particular conduct of each Defendant that is alleged to have violated Plaintiff's rights.  For instance, Plaintiff does not provide any basis regarding how David Ebbert was deliberately indifferent to Plaintiff's serious medical needs or how or when M. Hess used excessive force.  This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief.  Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.).

To the extent Plaintiff alleges liability against these Defendants by virtue of their supervisory positions, it is well settled that "[c]ivil rights claims cannot be premised on a theory of respondeat superior.  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." Millbrook v. United States, 8 F.Supp. 3d 601, 614 (M.D. Pa. 2014).  Indeed, "[a] defendant in a civil rights

6

action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (addressing § 1983 claim); Millbrook, 8 F.Supp. 3d at 614 (quoting Rode in the Bivens context).

The Court finds that Plaintiff's amended complaint is bereft of any allegations identifying how any of the Defendants were personally involved in the alleged constitutional deprivations. Accordingly, Defendants' motion to dismiss will be granted.

**B. Due Process Claims**

Plaintiff alleges that a number of falsified incident reports were issued to him and that his due process rights were violated during the subsequent disciplinary hearings. Defendants argue that Plaintiff's due process claim for money damages calls into question the validity of a disciplinary action which is barred by Heck. The Court agrees. Plaintiff's final claim will be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck v. Humphrey, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

7

whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Edwards v. Balisok, the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for damages related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47.

Thus, under Heck and its progeny, Plaintiff's claim fails, as Plaintiff has not alleged facts demonstrating that the DHO's decision regarding the misconduct was invalidated on administrative appeal or through issuance of a writ of habeas

corpus.³  Accordingly, Defendants' motion to dismiss will be granted and the due process claim will be dismissed with prejudice.

## IV. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to pro se plaintiffs and those represented by counsel. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" In re Avandia Mktg., Sales Practices & Products Liab. Litig., 564 F. App'x 672 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).

While Plaintiff has filed an amended complaint as a matter of course, this is the first time Plaintiff's claims have been tested by an adverse party and found lacking. As to Plaintiff's due process claims involving the disciplinary proceedings, the Court finds that any amendment would be futile given the clear Heck bar. Accordingly, Plaintiff will not be permitted to amend this claim. However, with regard to his Eighth Amendment claims, it is neither clear that

---

³ The Court takes judicial notice that Plaintiff raised the very same due process claims before this Court in a habeas petition in Walker v. Ebbert, 1:16-cv-330, that this Court denied. See Walker v. Ebbert, 1:16-cv-330, Docket Nos. 37 and 38.

9

amendment would be futile, nor is there any basis to believe it would be inequitable. Accordingly, Plaintiff will be granted leave to file a second amended complaint as to his Eighth Amendment claims.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted. Plaintiff will be granted leave to file a second amended complaint but only as to his Eighth Amendment claims. An appropriate order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: September 18, 2017