IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
LEWISBURG DIVISION

CEDRIC TYRONE WALKER,
    Plaintiff,

v.       Civil Action No. 1-16-CV-02387

WARDEN DAVID J. EBBERT, et al.,
CO A. GOOD, et al., CO D. HEIM,      (Rambo, J.)
CO B. MOTTERN, CO M. HESS, CO
C. HUGHES, L.T. SEEBA, L.T. WHITE,     Trail Demanded by Jury
L.T BEACHEL, DR. K.PIGOS, F.
FRANCIS, MLP, ALAMA, F, MLP, SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,
    Defendants,

FILED
HARRISBURG, PA
OCT 31 2017

## SECOND AMENDED COMPLAINT

### I. JURISDICTION & VENUE

1.  This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.  The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### II. PLAINTIFF

3.  Plaintiff, Cedric Tyrone Walker, is and was at all times mentioned herein a prisoner of the State of Pennsylvania in the custody of the Pennsylvania Department of Justice. He is currently confined in Federal Correctional Complex- U.S.P. 1, in Coleman, Florida.

### III. DEFENDANTS

4.  Defendant, Harley G. Lappin is the Director / Commissiner John Showers of the state of Pennsylvania Department of Justice. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Federal Correctional Complex- U.S.P. 1.

1.

5.   Defendant, <u>Warden David J. Ebbert</u> is the Superintendent <u>Dr. Steven Skalka</u> / Warden of the <u>United States Penitentiary Lewisburg " U.S.P. "</u>. He is legally responsible for the operation of <u>United States Penitentiary Lewisburg " U.S.P. "</u> and for the welfare of all the inmates in that prison.

6.   Defendants, <u>A. Good, D. Heim, B. Mottern, M. Hess, C. Hughes, Seeba, White, Beachel, Pigos, Francis, and Alama</u> is a Correction Officer of the <u>Pennsylvania</u> Department of Justice who, at all times mentioned in this complaint, held the rank of <u>Corrections officers, Number 1's, Operations Lieutenants, Active Lieutenants, Lieutenant, Doctors and Pa's.</u> and was assigned to <u>United States Penitentiary Lewisburg " U.S.P. "</u>.

7.   Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### III. FACTS

8.   Plaintiff first complins that he was victim of assualt and battery. May 1st, 2015 here at Lewisburg United States Prison I was placed in ambulatory restraints for allegations of disruptive behavior. I had issues that needed the assistance of a Lieutenant. The officer working J range refused to get the Lieutenant after I repeatedly requested. I can admit that there are other ways of better handling a situation as such, however when a man is being blatantly disrespected it may cause him to think with his emotions. Which I decided to hold the food trays in my cell instead of giving them back to the officer and this is how I intended on receiving the Lts' attention. On May 5th, 2015 11:00 am I was charged with 203 Threatening staff with bodily harm and 307 Refusing an order of staff member. I never threaten any one however I did hold the food trays. I only wanted to speak to a Lieutenant. The things mentioned in the report that I had allegedly said were fabricated by the officers, there was no reason for me to curse or throw a cup of shit at the officer because the damage was already done. They say that I was futher being disruptive because I was placed in four point resraints on another block I put my sheet in the toliet and repeatedly flushed until water over flooded my cell and also leaked onto the range. I tried to get the attention of the officer working the range prior to flooding the range, However the officer ignored me so when the officer made another round on the tier he observed water coming from my cell and this is when he called the Operations Lieutenant <u>Seeba</u>. On the same day of 5-5-2015 at 2:15 pm I was charged with threatening another with bodily harm, destroying or damaging government property in value in excess of $100.00 dollars, conduct disruptive to security or orderly running of the institution, and refusing to obey a direct order given by staff. I flood the range because the restraints were so tight on my wrist that they begin to cut off my blood circulation, and my hands began to numb. Also the belly chain was too tight. I only wanted to speak to the Lieutenant so that he could loosen the restraints and the belly chain.

I did not threaten any one, the damage was already done. This is the reason I was placed in four point restraints and placed in a cell with no toliet. Where I urinated and bowelmovement on myself after being in the four point restraint cell for several hours. I want to allege that USP Lewisburg has a record of disruptive behavior for themselves. The camera will reflect that each time I was out of a cell I did not resist, However the officer alleged that I violated codes 199 disruptive conduct, 224 ( A ) Assualting any person, and 307 Refusing to obey an order. Correction Officer C. Hughes allege that I spit twice hitting the shield that was protecting his face. Correction Officer C. Hughes then asked me to stop, and I allegedly spit a third time. These allegations are false and are fabricated. On this occasion Correction Officer D. Heim came on to the cell to do a two hour four point restraint check. Lieutenant Beachel checked my cuffs and I explained to him that these cuffs and the belly chain are extremely tight. This is when he stated, " Maybe there not tight enough. " From my understanding the cuffs are supposed to be loose enough where Lieutenant Seeba could fit a finger in between the cuffs and my wrist. Lieutenanets' Beachel, and Seeba made them even tighter and I screamed in pain. The camera will also reflect that these incident reports written 5-5-2015 did not actually occur on this day and actually occurred on 5-1-2015. Again, I'am not trying to get into argument here, however I believe the officers who wrote these incidents reports fabricated the dates in order to prevent my allegation of being put in restraints for 10 whole days. On the second day of restraints according to their reports 5-6-2015 at 3:55 pm I was charged with code 224 assualting any person, and 229 disruptive conduct where Correction Officer C. Hughes allege that when he entered the cell assisting in a two hour four point restraint check, I began to produce phelgm inside my mouth and I proceeded to spit at him, striking the left side of his head. These allegations are false and also fabricated. On this occasion what actually happened was Correction Officer D. Heim came through to do a restraint check, this is when I explained to him that the cuffs were tearing into my skin. He explained to me that I would be alright. This is when I cursed him out using profanity language, however I did not threaten to cause any harm. May 7, 2015 at 8:00 pm I was charged with code 203 Threatening Another With Bodily Harm. Where Correction Officer C. Hughes allege that he was doing a 15 minute check on me while I was in restraints he stated that when he got my attention I told him, "Fuck you fagot. Wait until I get out of these restraints, I'am going to stab your bitch ass the first chance I get." ON this occasion Correction Officer M. Hess came by the cell, he had a mencingly smile on his face and he sarcatically ask me was I alright. I asked him again could he loosen the cuffs and the belly chain because they were extremely tight and where causing extreme pain, I literally shed tears. I told the officer that I was going to file a lawsuit against him. The things that he clam that I said were preposterous because I'am in the SMU program where at all times I'am in the present of officers, were we are handcuffed with are hands behind our backs, and it would be impossible for me to stab an officer.

4.

My claim of assualt and battery is; <u>Warden David J. Ebbert, Co. D. Heim, Co. B. Mottern, Co. M. Hess, Co. Hughes, Co. A. Good, L.t. Seeba, L.t. White, L.t. Beachel, John Doe 1, and Jane Doe 1</u> who played a part in putting plaintiff in restraints from 5-1-2015 until 5-10-2015, intentionally knowing that that these handcuffs were so tight that they caused my flesh to tear so deep leaving a permently scare they committed this act voluntary. My second claim is of Negligence where the staff here at Lewisburg USP ignored my request for medical assistance. After noticing that the hand cuffs where cutting into my skin I asked each officers conducting the two hour four point restraint check for medical assistance, each officer ignored my request. Last but not least, my complaint of intentional infliction of emotional distress was caused by being chained down for 10 whole days the cuffs and the chain around my midsection being so tight causing open wounds. Each time the wounds were touched by the metal from the chains and also the cuffs it sent a painful sensation causing me to literally cry. I was in so much pain. As a man I felt humiliated to have to shed tears in front of another man. Each of these claims are protected by my Eighth Amendment Right to the U.S. Constitution. " Cruel and Unusual Punishment ".

9.   " Upon information and belief " b. <u>Calculated Use of Force and/or Application of Restraints.</u>

    (2) **Documentation.** The entire interaction must be documented in writing and placed in the FOI Exempt section of the inmate's central file. The documentation will reflect the actions and responses of each staff member participating in the confrontation avoidance process. The entire process must be videotaped, including the introduction of all staff participating in the confrontation avoidance process. The tape and documentation will be part of the investigation package for the After Action Review ( see Scetion 14 and 15 ). Additionally, the Warden must forward a copy of each video tape to the Regional Director within four working days of the incident.
d. <u>Exceptions.</u> **Any exception to procedure outlined in this rule is prohibited, except where the facts and circumstances known to the staff member would warrant a person using sound correctional judgment to reasonably believe other action is necessary (as a last resort) to prevent serious physical injury, or serious property damage which would immediately endanger the safety of staff, inmates, or others.**

10.    " Exhibit A, Photo Sheet ", " Exhibit B, After Action Review Tape " , and " Exhibit C, Photos 1,2,3 ".

IV. EXHAUSTION OF LEGAL REMEDIES

11.    Plaintiff <u>Cedric Tyrone Walker</u> used the prisoner grievance procedure available at <u>Federal Correctional Complex-U.S.P. 1</u> to try and solve the problem. On June 29th, 2017 plaintiff <u>Cedric Tyrone Walker</u> presented the facts relating to this complaint. On July 20th, 2017 plaintiff <u>Cedric Tyrone Walker</u> was sent a response saying that the grievance had been denied. On October 10, 2017 he appealed the denial of the grievance.

5.

## V. LEGAL CLAIMS

12. Plaintiffs reallege and incorporate by reference paragraphs 1-11 or however many paragraphs the first four sections took.

13. The 1. Plaintiff complains that he was a victim of an Assualt and Battery. Where he claims that his 8th Amendment Rights to the U.S. Constitution were violated, " Cruel and Unusual Punishment. ", 2. Plaintiff makes the complaint of Negligence. Which is a violation of the 8th Amendment, " Cruel and Unusual Punishment. " 3. PLaintiff makes the complaint that he was a victim of Intentional infliction of emotional distress. Which is also a violation of the 8th Amendment, " Cruel and Unusual Punishment. " violated plaintiff Cedric Tyrone Walker's rights and constituted Cruel and Unusual Punishment under the 8th Amendment to the United States Constitution.

14. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully prays that this court enter judgment granting plaintiff:

First and foremost, the defendants should be held fully responsible for there actions, thrir jobs should be terminated. Plaintiff would also ask for money damages for the harm and suffering. I'am asking for sixty million dollars (60.000,000).

15. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

16. A preliminary and permanent injunction ordering defendants Fasciana, Francis, Alama, F, and Dr. Kevin Pigos to provide the plaintiff and his attorney with the medical report dated 5-1-2015 with the footage of the staff caused the injuries.

17. Compensatory damages in the amount of $250,000 against each defendant, jointly and severally.

18. Punitive damages in the amount of $250,0000 against each defendant.

19. A jury on all issues triable by jury

20. Plaintiff costs in this suit

21. Any additional relief this court deems just, proper, and equitable.

6.

Dated: <u>October 24th, 2017</u>
Respectfully submitted,

Cedric Tyrone Walker
Reg. No. 77071-279
Federal Correctional Complex- U.S.P. 1, K-Unit
P.O. Box 1033
Coleman, Fl 33521-1033

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe foregoing is to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Coleman, Florida on October 24, 2017

s/ *Cedric T. Walker*
Cedric Tyrone Walker