IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CEDRIC TYRONE WALKER,** | : | |
| Plaintiff | : | |
| | : | No. 1:16-cv-02387 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN DAVID J. EBBERT,** | : | |
| **et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court for disposition is Defendants' motion for summary judgment (Doc. No. 61), and Plaintiff's motion for default judgment (Doc. No. 72). For the reasons set forth below, Defendants' motion will be granted and Plaintiff's motion will be denied.

**I.    BACKGROUND**

On December 1, 2016, pro se Plaintiff Cedric Tyrone Walker, an inmate formerly incarcerated in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the instant Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotic, 403 U.S. 388 (1971) action pursuant to 28 U.S.C. § 1331.  (Doc. No. 1.)  Plaintiff subsequently filed an amended complaint on January 30, 2017 (Doc. No. 10), and this Court ordered service of the same on February 7, 2017 (Doc. No. 15).

1

On May 2, 2017, Defendants filed a motion to dismiss (Doc. No. 21), which this Court granted on September 18, 2017 (Doc. Nos. 40, 41). The Court directed Plaintiff to file a second amended complaint. (Id.) On October 31, 2017, Plaintiff filed a second amended complaint against the following employees of USP-Lewisburg: Ferdinand Alama, Dallas Beachel, David J. Ebbert, Francis Fasciana, Adam Good, Derrick Heim, Matthew Hess, Christopher Hughes, Brandon Mottern, Dr. Kevin Pigos, and Brian White.[1] (Doc. No. 45.) Plaintiff alleges that his Eighth Amendment rights were violated when he was placed in restraints on May 1, 2015 through May 10, 2015. (Id.) He alleges that the restraints were so tight that they cut off his circulation and caused wounds on his wrists, for which he was denied medical care. (Id.)

On February 5, 2018, Defendants filed a motion for summary judgment (Doc. No. 61), and on February 20, 2018, filed their statement of facts (Doc. No. 62), and brief in support (Doc. No. 63). On June 4, 2018, upon observing that Defendants raised the issue as to whether Plaintiff failed to exhaust his

---

[1] Lt. Jason Seeba was also named as a Defendant; however, a waiver of service was returned to the Court unexecuted and the record reflects that Plaintiff has not attempted further service. (Doc. No. 57.) Therefore, Seeba will be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The Court further notes that while C.O. A. Simmons and Dr. Steven Skalka appear on the docket sheet as Defendants in this matter, they are not named as Defendants in the operative second amended complaint, and as such, the Clerk of Court will be directed to terminate these individuals from this action.

administrative remedies prior to filing the instant action, the Court issued an Order advising the parties that it would consider the exhaustion issue in the context of summary judgment, and by doing so, would consider matters outside the pleadings in its role as factfinder. (Doc. No. 69.) The Court directed Defendants to file any additional supplemental materials relevant the exhaustion issue to the extent that they had not already done so, and further directed Plaintiff to file a brief in opposition to Defendants' motion for summary judgment. (Id.) The Court further advised Plaintiff to file a statement of material facts specifically responding to the numbered paragraphs in Defendants' statements pursuant to Local Rule 56.1, and to submit materials and documents relevant the exhaustion of administrative remedies issue. (Id.)

On June 28, 2018, Plaintiff filed a motion for default judgment, requesting that the Court enter a default judgment against Defendants for their purported failure to comply with this Court's July 4, 2018 Order. (Doc. No. 72.) On July 30, 2018, the Court received and docketed Plaintiff's brief in opposition to Defendants' motion for summary judgment. (Doc. No. 73.) However, Plaintiff failed to file a statement of material facts specifically responding to Defendants', despite the clear directive set forth in this Court's July 4, 2018 Order. (Doc. No. 69.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When

the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

A party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party

5

will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-cv-1384, 2010 U.S. Dist. LEXIS, *15 (M.D. Pa. July 20, 2010) (pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-cv-01854, 2006 U.S. Dist. LEXIS 64347, *11 (M.D. Pa. Sept. 8, 2006) (pro se parties must follow the Federal Rules of Civil Procedure).

## III. DEFENDANTS' STATEMENT OF MATERIAL FACTS[2]

Plaintiff, formerly incarcerated in the SMU at USP-Lewisburg, is presently incarcerated at USP-Coleman, Florida. (Doc. No. 62, ¶¶ 1-2.) The Bureau of Prisons ("BOP"), has established an administrative remedy procedure through which an inmate may submit complaints relating to any aspect of his confinement. (Id. ¶ 3.) Inmates must first present their complaints to staff in an attempt to

---

[2] Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. Id. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Unless otherwise noted, the factual background herein is taken from Defendants' Rule 56.1 statement of material facts. (Doc. No. 62.) Plaintiff has failed to file a response to Defendants' statement of material facts in compliance with M.D. Pa. L.R. 56.1, and this Court is not "required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question." Hammonds v. Collins, Civ. No. 12-236, 2016 WL 1621986, at *3 (M.D. Pa. Apr. 20, 2016) (citing Brooks v. Am. Broad. Co., 999 F.2d 167, 172 (6th Cir. 1993)). The Court accordingly deems the facts set forth by Defendants to be undisputed. See M.D. Pa. LR 56. 1; Fed. R. Civ. P. 56(e)(2).

informally resolve the matter.  (Id. ¶ 4.)  If unsuccessful at informal resolution, the inmate may then present the issue to the warden within twenty calendar days of the event giving rise to the complaint.  (Id. ¶ 5.)  If an inmate is dissatisfied with the warden's response, he may then appeal to the BOP Regional Director within twenty calendar days.  (Id. ¶ 6.)  If dissatisfied with the Regional Director's response, the inmate may then appeal to the BOP's Central Office within thirty calendar days, constituting the final level of administrative review.  (Id. ¶¶ 7-8.)  No administrative remedy appeal is considered to have been fully exhausted until it is decided on its merits by the Central Office.  (Id. ¶ 9.)

Plaintiff has filed fifty-five (55) administrative remedies since incarcerated with the BOP.  (Id. ¶ 10.)  On June 29, 2017, Plaintiff filed Administrative Remedy No. 907484-F1 at the institutional level concerning his alleged placement in restraints for ten days.  (Id. ¶ 11.)  This claim was denied on August 7, 2017 and Plaintiff appealed to the Regional Office on September 6, 2017 via Remedy 907484-R1.  (Id. ¶¶ 12-13.)  The Regional Office denied the appeal on September 21, 2017 and Plaintiff appealed to the Central Office on October 17, 2017 via Remedy 907484-A1.  (Id. ¶¶ 14-15.)  The Central Office rejected the filing on November 3, 2017 for Plaintiff's failure to include a copy of his institution filing and provided Plaintiff fifteen days to properly resubmit his appeal.  (Id. ¶¶ 16-17.)

Plaintiff filed Remedy 907484-A2 on December 4, 2017, and on January 11, 2018, the Central Office denied and closed Remedy 907484-A2. (Id. ¶¶ 18-19.)

IV. **DISCUSSION**

Defendants maintain that Plaintiff has failed to exhaust his administrative remedies prior to filing the instant action with the Court and therefore, their motion for summary judgment should be granted. (Doc. No. 63 at 3.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides, in relevant part "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997(e). The exhaustion requirement is mandatory. Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); Booth, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"). Moreover, it is well settled that a plaintiff must "exhaust all of his administrative remedies available through the . . . grievance

process with respect to each of his constitutional claims before he can assert such claims in [federal court]." Robles v. Casey, Civ. No. 10-2663, 2012 WL 383823, at *9 (M.D. Pa. Jan. 4, 2012). "Exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge." Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010).

The Third Circuit has further provided that there is no futility exception to § 1997e's exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000). Courts have typically required across-the-board administrative exhaustion by inmates who seek to pursue claims in federal court. Id. Additionally, courts have imposed a procedural default component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

This broad rule favoring full exhaustion allows for a narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to

exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Warman, 49 F. App'x at 368; see also Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and uncontradicted correctional officers impeded filing of grievance).

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances, inmate requests to excuse a failure to exhaust are frequently rebuffed by the courts. Thus, an inmate cannot excuse a failure to timely comply with these grievance procedures by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005). Nor can an inmate avoid this exhaustion requirement by merely alleging that the administrative policies were not clearly explained to him. Warman, 49 F. App'x at 368. Thus, an inmate's confusion regarding these grievances procedures does not, standing alone, excuse a failure to exhaust. Casey v. Smith, 71 F. App'x 916 (3d Cir. 2003); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is

well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted).

Finally, failure to exhaust is an affirmative defense that must be pled by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). "In a motion for summary judgment, where the movants have the burden of proof at trial, 'they [have] the burden of supporting their motion for summary judgment with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006) (quoting In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (internal quotations omitted)). If "the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Id. (quoting Nat'l State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1582 (3d Cir. 1992) (internal quotations omitted)).

In support of their motion for summary judgment, Defendants provide the declaration of Attorney Advisor Jennifer Knepper of the BOP along with Plaintiff's relevant administrative remedies. (Doc. No. 62-1, at 1-40.) Defendants provide that on June 29, 2017, Plaintiff filed Administrative Remedy 907484-F1 at the institution level claiming that he was placed in restraints for ten days. (Id. at ¶¶ 10-11.) Plaintiff appealed this administrative remedy through the Central Office. (Id. ¶¶ 12-17.) The Central Office denied the administrative remedy on January

11

11, 2018.  (Id. ¶ 19.)  Defendants maintain that Plaintiff has failed to exhaust his administrative remedies <u>prior</u> to the filing of his complaint in federal court, as well as <u>prior</u> to the filing of his second amended complaint on October 31, 2017.  (Doc. No. 63 at 6) (emphasis added).  Therefore, Defendants argue that this Court is without jurisdiction to hear Plaintiff's claim.  <u>Id.</u>

Plaintiff provides no argument or evidence to refute the record before the Court that he failed to exhaust his administrative remedies <u>prior</u> to filing suit in this action.  Indeed, the undisputed record reflects that while Plaintiff was still in the process of exhausting his administrative remedies through January 11, 2018 (Doc. No. 62 ¶ 19), he had already instituted this action years before, <u>i.e.</u>, complaint filed December 1, 2016 (Doc. No. 1), and second amended complaint filed October 31, 2017 (Doc. No. 45).  As set forth above, the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies **prior to filing suit in federal court**."  <u>Banks v. Roberts</u>, 251 F. App'x 774, 775 (3d Cir. 2007) (emphasis added); <u>see also</u> <u>Robles</u>, 2012 WL 383823, at *9.  The law is clear that Plaintiff cannot complete exhaustion while his present action is pending with this Court.  <u>See</u> <u>Oriakhi v. United States</u>, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court").  Because Plaintiff did not wait to file his

complaint until after he had received final determinations from his administrative remedies and completed the appeal process as to those remedies, Plaintiff has not met the exhaustion requirements of the PLRA. See Banks, 251 F. App'x at 776. Accordingly, the Court will grant Defendants' motion for summary judgment.[3]

---

[3] The Court notes that Plaintiff filed a motion for default judgment (Doc. No. 72), arguing that this Court should enter a default judgment against Defendants for their purported failure to comply with this Court's June 4, 2018 Order (Doc. No. 69). Plaintiff's motion is without merit. The Court's June 4, 2018 Order directed Defendants to file supplemental materials to the extent that the issue of exhaustion required further supplementation of the record. (Id.) The Court infers that Defendants' decision not to file any further supplemental materials was based on the fact that Defendants chose to rest on their summary judgment motion and attached documents as filed, having already supplied the Court with the documents Defendants' felt were necessary. Accordingly, Defendants are not in default of this Court's June 4, 2018 Order; rather, it is Plaintiff that has failed to adhere to that Order. Regardless, because Plaintiff's motion is without merit, it will be denied.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment for Plaintiff's failure to exhaust administrative remedies prior to filing the above captioned actioned (Doc. No. 61), will be granted. Plaintiff's motion for default judgment (Doc. No. 72), will be denied. Seeba will be dismissed pursuant to Federal Rule of Civil Procedure 4(m), and the Clerk of Court will be directed to terminate C.O. A. Simmons and Dr. Steven Skalka from this action, as they are not named as Defendants in the operative second amended complaint. An appropriate Order follows.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: August 1, 2018